IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES DULAR,
f/k/a JAMES DUMLER
    Plaintiff,

vs.                              Case No: 3:07cv466/WS/MD

PAT BLACKSHEAR, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Plaintiff commenced this action on October 31, 2007 by filing a complaint under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. (Doc. 1).[1] The complaint named four defendants. Each defendant filed a motion to dismiss. (Docs. 8, 9, 13). After being ordered to respond to the motions, plaintiff filed an amended complaint and exhibits naming the same defendants and again proceeding under federal question jurisdiction. This time, however, he asserted claims exclusively under the False Claims Act ("FCA"), 31 U.S.C. § 3729. (Docs. 22, 20). Upon review of the amended complaint, the court concludes that plaintiff's claims are not of sufficient substance to support federal jurisdiction, and that dismissal of this action is warranted.

## BACKGROUND

Plaintiff has brought this action against Pat Blackshear, Okaloosa County Commission, Destin Commons, Ltd., and Coleman L. Kelly Testamentary Trust,

---

[1] The filing fee has been paid.

alleging that these persons/entities violated the False Claims Act, 31 U.S.C. § 3729, by engaging in a "Quiet Taking of Federal Tax revenue." (Doc. 19, p. 1). Specifically, plaintiff alleges the "discovery of a deficiency in the accounting for costs of roadwork provided to accommodate development of Destin Commons, a 56-acre shopping complex in Okaloosa County, Florida." (Doc. 22, p. 1).  As relief, plaintiff seeks enforcement of an agreement entered into between the defendants and Okaloosa County, an accounting of funds, a civil penalty and whistleblower protection.

## SUBJECT MATTER JURISDICTION

The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331.  "Federal jurisdiction requires that a party assert a <u>substantial</u> federal claim. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)) (emphasis added); *see also Baker v. Carr*, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous).  The United States Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. at 536–37, 94 S.Ct. at 1378-79 (citations and quotations omitted).  Under this standard, "federal subject matter jurisdiction exists where the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Barnett v. Bailey*, 956 F.2d 1036 1041 (11th Cir. 1992) (quotations omitted).  "Dismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form."  *Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 n.7

(11th Cir. 1982) (quotations omitted). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. FED.R.CIV.P. 12(h)(3); *Lovern v. Edwards*, 190 F.3d 648, 653 (4th Cir. 1999). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. *See e.g., Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 S.Ct. 1563, 1572, 143 L.Ed.2d 760 (1999).

A district court may address its lack of subject matter jurisdiction in two ways. FED.R.CIV.P. 12(b)(1); *Lovern* at 653. The court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6). *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Alternatively, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942)).

## FALSE CLAIMS ACT

The False Claims Act establishes civil penalties for "[a]ny person" who, *inter alia*, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or

approval," or who "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid."  31 U.S.C. § 3729(a)(1),(3).  Such a person "is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person."  *Id.* § 3729(a).  The FCA may be enforced by the Attorney General, *id*. § 3730(a), or by a private person, known as a relator, who brings a *qui tam* suit "for the person and for the United States Government . . . in the name of the Government," *id*. § 3730(b).  The purpose of the *qui tam* provisions is to encourage private citizens who may know of fraud against the federal government to come forward.  *United States ex rel. Williams v. NEC Corp.*, 931 F.2d 1493, 1497 (11th Cir. 1991).  A *qui tam* suit must first be served on the United States, rather than the defendant.  31 U.S.C. § 3730(b)(2).  It is filed *in camera*, where it remains under seal for at least sixty days.  *Id.*.  Within those sixty days, the Government has the option to intervene and take over the prosecution of the case.  *Id.*  If the Government chooses to intervene, it becomes the primary responsible party, although the *qui tam* plaintiff may still continue as a party.  *Id.*, § 3730(c)(1).  If the Government chooses not to intervene, the relator then has the right to proceed with the case on his own with the hope of recovering a portion of any consequent damages and penalties.  *Id.*, §§ 3730(c)(3) and (d)(2).  The *qui tam* relator is also protected by a "whistleblower" provision which provides relief to any employee who suffers retaliation for bringing a claim under the FCA or assisting an employee-relator who does so.  *Id*. § 3730(h).

In the instant case, notwithstanding plaintiff's failure to comply with the procedural requirements of the FCA, plaintiff's amended complaint (including exhibits) shows on its face that plaintiff's claims are not of sufficient substance to support federal jurisdiction.  A fundamental element of an FCA claim is fraud upon the United States Government or an officer thereof.  31 U.S.C. § 3729(a).  Plaintiff's allegations, viewed in the light most favorable to him, involve alleged fraud upon the

governmental entity of Okaloosa County.  These allegations do not arguably infer that the federal government was involved.  Therefore, plaintiff's claims should be dismissed for lack of jurisdiction.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED for lack of subject matter jurisdiction, and the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of January, 2008.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**